Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada  89511
Tel. (775) 284-1500
Fax. (775) 703-5027

Attorneys for Plaintiff

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanlaw.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BLANCA AGUILAR, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>RIVIERA HOLDINGS CORPORATION d/b/a RIVIERA HOTEL AND CASINO and DOES 1 through 50, inclusive,<br><br>        Defendant(s). | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1)  Failure to Pay Wages for All Hours Worked in Violation of 29 U.S.C. § 201, et. seq;<br><br>2)  Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br><br>3)  Breach of Contract.<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff BLANCA AGUILAR ("Plaintiff"), on behalf of herself and all others similarly situated, and hereby alleges as follows:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and his counsel.  Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction over the federal claims alleged herein pursuant to 28 U.S.C. § 1331, the federal question being the application and interpretation of the Fair Labor Standards Act ("FLSA"), which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained  against any employer (including a

public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and others employees similarly situated." 29 U.S.C. § 216(b).

2.      This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S. C. § 1367 because they all arise out of the same transaction and occurrence, i.e. the failure to properly pay all wages due.

3.      Plaintiff is seeking to recover unpaid wages due pursuant to Nevada statutory authority and pursuant to an agreement (implied by law and fact) to pay for all hours worked and/or under the wage laws of the State of Nevada. Plaintiff therefore has a private right of action pursuant to NRS 608.040 and 608.140 as well as a claim for at least minimum wages for all hours worked "off the clock" pursuant to Section 16 of Article 15 of the Nevada State Constitution.

4.      Plaintiff and Defendant are residents of the State of Nevada.

5.      Venue is proper in this Court because one or more of the Defendant named herein maintains its principal place of business, or otherwise is found, in this judicial district and the acts complained of herein occurred in Clark County.

## PARTIES

6.      Plaintiff BLANCA AGUILAR is natural person who is and was a resident of the State of Nevada and was employed by Defendant during the relevant times alleged herein.

7.      Defendant RIVIERA HOLDINGS CORPORATION dba RIVIERA HOTEL AND CASINO (hereinafter "DEFENDANT" or "RIVIERA") is a Nevada corporation with a principal place of business at 2901 Las Vegas Boulevard, South Las Vegas, NV and is an employer as defined in NRS 608.011.

8.      The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff.  Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Riviera" herein shall mean "Defendant and each of them."

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanlaw.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanlaw.com

**FACTUAL ALLEGATIONS**

9.      Riviera has engaged in wage theft that has deprived Plaintiff and all other non-exempt employees of Riviera compensation for time that they worked at the Riviera.

10.     Riviera agreed to pay Plaintiff and all other non-exempt employees of Riviera for all the hours that they worked and agreed to "round" employee hours to the nearest 15 minute increment. Plaintiff and all other non-exempt employees agreed to this type of rounding policy by working at the casino under these conditions.

11.     Under the correct application of this type of rounding policy, Riviera ***should have*** rounded an employee's hour of pay up to 7:00 a.m. if the employee clocked in at 6:53 but if, however, the employee clocked in at 6:52, the employee's  hour pay should have been rounded down to 6:45.  All employees at the Riviera understood that their clock hours should have been rounded accordingly.  Rather than abide by this agreement with its employees, the Riviera unlawfully shaved employees' hours in its favor and thus stole employees hundreds, if not thousands, of dollars in wages from its own workers.   The spreadsheet attached hereto as Exhibit A illustrates the Riviera's wage theft practices for regular non-premium pay hours worked.  For example, on October 22, 2013, Plaintiff punched in at 5:56 p.m. and punched out at 2:23 a.m.  Pursuant to Riviera's purported rounding policy, Plaintiff's hours ***should have*** been rounded to 6 p.m. and 2:30 a.m., respectively, which would give Plaintiff 8.50 hours of pay.  Riviera, however, only paid Plaintiff 8 hours of pay on that day.  Riviera improperly rounded Plaintiff's clock in and clock out time and deprived Plaintiff of 30 minutes of pay.  The net effect of Riviera's unlawful practices deprived Plaintiff of 38.25 hours of pay from October 2011 to October 2014.  This practice of shaving employee hours is common for all non-exempt hourly employees at Riviera.

**CLASS ACTION ALLEGATIONS**

12.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

/ / /

/ / /

13.     Plaintiff brings this action on behalf of herself and all other similarly situated and typical employees as both a collective action under the FLSA and a true class action under Nevada law.

14.     The statute of limitations under the FLSA is 3 years for willful violations.

15.     The statute of limitations for constitutional violations and breach of a contract under Nevada law is 6 years.

16.     Plaintiff brings this action on behalf of herself and on behalf of the following Classes of individuals: **All current and former non-exempt employees who were employed by Defendant at any time during the relevant time period.**

17.     With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those that she seeks to represent for the following reasons, among others:

A.      Defendant employed Plaintiff as hourly employees who did not receive pay for all hours that Defendant suffered or permitted them to work, and did not receive overtime premium pay of one and one half their regular rate of pay for all hours worked over forty (40) hours in a workweek.

B.      Plaintiff's situations is similar to those she seeks to represent because Defendant failed to pay Plaintiff and all other Class Members for all time they worked by unlawfully stealing employee hours.

C.      Common questions exists as to the amount of wages stolen from Plaintiff and Class Members.

D.      Upon information and belief, Defendant employs, and has employed, in excess of 850 Class Members within the applicable statute of limitations.

E.      Plaintiff has filed or will file her consent to sue with the Court.  Consents to sue are not required for state law claims under FRCP 23.

F.      Defendant has known or should have known that stealing employee hours by unlawfully shaving employee time is and was unlawful and that they owe employees this money, and have willfully failed to pay their employees properly.

18.     Class treatment is appropriate in this case for the following reasons:

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanlaw.com

A.   <u>The Class is Sufficiently Numerous</u>: Upon information and belief, Defendant employs, and has employed, in excess of 850 Class Members within the applicable statute of limitations.

B.   <u>Plaintiff's Claims are Typical to Those of Fellow Class Members</u>: Each Class Member is and was subject to the same practices, plans, or policies as Plaintiff stealing Class Member hours and pay.

C.   <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiff and the Class, including, without limitation: How many hours were shaved from each Shave Hours Class Member?

D.   <u>Plaintiff is an Adequate Representative of the Class</u>: Plaintiff will fairly and adequately represent the interests of the Classes because Plaintiff is member of the Classes, who has issues of law and fact in common with all members of the Classes, and who does not have any interests antagonistic to Class Members.

E.   <u>Superior Mechanism</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Each Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to compensate its employees in accordance with Nevada wage and hour law.  The prosecution of individual remedies by each Class Member will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class Members' rights and the disposition of their interest through actions to which they were not parties.

**<u>FIRST CAUSE OF ACTION</u>**

**Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, *et seq*.**

(On Behalf of Plaintiff and All Class Members Against Defendants)

14.   Plaintiff realleges and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

/ / /

/ / /

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanlaw.com

15.     Pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, Plaintiff and Class Members are entitled to compensation at their regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

16.     29 U.S.C. § 206(a)(l) states that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than (A) $5.85 an hour beginning on the 60th day after the enactment of the Fair Minimum Wage Act of 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and C) $7.25 an hour, beginning 24 months after that 60th day."

17.     Once the workday has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

18.     By stealing Plaintiff and Class Members' hours, Defendant failed to pay Plaintiff and the Class Members for all the hours they worked.

19.     Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.  Stealing employee hours is simply egregious conduct sufficient for a three (3) year statute of limitations.

20.     Wherefore, Plaintiff demands for herself and for all others similarly situated, that Defendant pay Plaintiff and all other members of the Class their minimum hourly wage rate or their regular rate of pay, whichever is greater, for all hours worked during the relevant time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

/ / /

/ / /

/ / /

/ / /

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanlaw.com

**SECOND CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiff and All Class Members Against Defendants)

21.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

22.    29 U.S.C. Section 207(a)(1) provides as follows:  "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

23.    Once the workday has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

24.    By stealing Plaintiff and Class Members' hours, Defendant failed to pay Plaintiff and Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

25.    Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.  Stealing employee hours is simply egregious conduct sufficient for a three (3) year statute of limitations.

26.    Wherefore, Plaintiff demands for herself and for all others similarly situated, that Defendant pay Plaintiff and all members of the Class one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

/ / /

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanlaw.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanlaw.com

### THIRD CAUSE OF ACTION

**Breach of Contract**

(On Behalf of Plaintiff and All Class Members Against Defendants)

27.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

28.    At all times relevant herein, Defendant had an agreement with Plaintiff and with every Class Member that it would round employee hours to the nearest 15-minute increment. Defendant blatantly breached its agreement and shaved employee hours to its benefit and to the deprivation of hundreds of putative class members.

29.    As a result of Defendant's breach, Plaintiff and Class Members have suffered economic loss that includes lost wages in the form of regular rate and overtime wages, plus interest over the last 6-years.

Wherefore, Plaintiff demands for herself and for all Class Members that Defendant pay Plaintiff and Class Members their agreed upon rate of pay for all hours that were unlawfully shaved for six (6) years from the date of filing this complaint until a judgment is entered in this case, together with attorney's fees, costs, and interest as provided by law.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of Class Members and all others similarly situated, prays for relief as follows:

1.    For an order conditionally certifying this action under the FLSA and providing notice to all members of the Class so they may participate in this lawsuit;

2.    For an order certifying this action as a class action on behalf the proposed Class;

3.    For an order appointing Plaintiff as the Representatives of the Class and his counsel as Class Counsel;

4.    For damages according to proof for regular rate pay under federal laws for all hours worked;

5.    For damages according to proof for minimum rate pay under federal law for all hours worked;

6.    For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week;

7.    For liquidated damages pursuant to 29 U. S. C. § 216(b);

8.    For damages pursuant to Defendant's breach of contract;

9.    For interest as provided by law at the maximum legal rate;

10.   For an order directing the clerk of the court to issue a writ of attachment and thereby cause the property of Defendant to be attached as security for the satisfaction of any judgment that may be recovered pursuant to NRS 31.010.

11.   For reasonable attorneys' fees authorized by statute;

12.   For costs of suit incurred herein;

13.   For pre-judgment and post-judgment interest, as provided by law; and

14.   For such other and further relief as the Court may deem just and proper.


Dated this 8th day of July 2015.                THIERMAN BUCK LLP


                                      By:    /s/Joshua D. Buck
                                             MARK R. THIERMAN
                                             JOSHUA D. BUCK
                                             LEAH L. JONES
                                             *Attorneys for Plaintiff*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanlaw.com